**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **KIM ROCHELLE WOODARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.  22-cv-03330-MDH** |
| ) | |
| **MARTIN J. O'MALLEY,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for

disability insurance benefits. Plaintiff has exhausted her administrative remedies and the matter is

now ripe for judicial review. After carefully reviewing the record, the Court finds that the

administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a

whole and the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the

parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe

impairments of generalized anxiety disorder, major depressive disorder, and panic disorder with

agoraphobia. After finding Plaintiff's impairments did not meet or equal a listed impairment, the

ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following
> nonexertional limitations: she is limited to no interaction with the general public
> and only occasional and superficial interaction with supervisors or coworkers.

The ALJ found Plaintiff could not perform her past relevant work but could perform other work

such as a laboratory equipment cleaner, stores laborer, and machine packager.

1

Plaintiff argues on appeal that the mental RFC is not supported by substantial evidence. Specifically, Plaintiff contends the ALJ discounted Plaintiff's subjective reports and summarized the medical evidence but failed to point to any evidence of Plaintiff's functioning in support of the specific functional limitations assessed.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after

review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis and properly addressed Plaintiff's mental limitations, in light of the medical records, work history, daily activities, and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact. The ALJ limited Plaintiff to no interaction with the general public and only occasional and superficial interaction with supervisors or coworkers. The Court finds these limitations are supported by Plaintiff's treatment records and activities as discussed by the ALJ in the findings.

Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence. The ALJ considered all the medical evidence based on the applicable regulations. The ALJ's decision set forth his consideration of all the medical records, including

3

any inconsistencies in the record and in Plaintiff's testimony. The ALJ evaluated the objective findings, documents symptoms and response to treatments. The ALJ further articulated how he considered Plaintiff's past work, daily activities, treatment, and other factors in his determination.

As the Eighth Circuit has stated, "[b]ecause a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (internal citations omitted). Here, the Court finds the ALJ's determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.


**IT IS SO ORDERED**.

Dated:  March 25, 2024                          */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**